UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOSE ALMONTE,

                        Petitioner,

   -against-                                                    1:04-CV-1221
                                                                           (LEK)

UNITED STATES OF AMERICA,

                        Respondent.

## AMENDED MEMORANDUM-DECISION AND ORDER

      This Memorandum-Decision and Order amends and supersedes the Memorandum-Decision and Order dated November 18, 2005 in its entirety. *Pro se* Petitioner Jose Almonte ("Almonte") filed this petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on October 18, 2004. Almonte alleges that (1) a sixteen level sentencing enhancement violated his Sixth Amendment right to trial by jury, (2) taking his Criminal History Category into account violated his due process rights under the Fifth Amendment, and (3) his rights were violated under the Vienna Convention on Consular Relations ("VCCR") by his not being informed of his right to speak with his nation's consulate upon his arrest. <u>See</u> Vienna Convention on Consular Relations art. 36, <u>opened for signature</u> Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820 (entered into force by the United States on Dec. 24, 1969).

## I. BACKGROUND

      Almonte is a citizen of the Dominican Republic, and first entered the United States as a legal alien in 1993. Resp.'s Revised Memo. (Dkt. No. 6) at 2. He was convicted of a controlled substance offense in New York County, New York in 1997, and sentenced to a term of fifty-four

months to 108 months imprisonment.  Id.  Almonte was deported by the Immigration and Naturalization Service ("INS") on January 11, 2001.  Id.  Some time after being deported, Almonte re-entered the United States and was found by INS officers on or about March 19, 2003, at the Ulster Correctional Facility where he was serving time on another criminal conviction and parole violation.  Id.

Almonte was determined by INS to have re-entered the United States after deportation without the permission of the United States Attorney General, in violation of 8 U.S.C. §1326(a) & (b)(2).  Id.  A federal grand jury returned a one count indictment against Almonte on April 30, 2003, and he entered a guilty plea on July 9, 2003.  Id. at 1.  Almonte was sentenced on November 5, 2003, to a term of fifty-seven months.  Crim. Sent. Minute Entry (Case No. 03-CR-176) (Dkt. No. 14) at 2.  His Criminal History Category was determined to be III, and his base offense level of eight (8) was increased by sixteen (16) levels because of his prior drug conviction for a total offense level of twenty-four (24).  Crim. Plea Minute Entry (Case No. 03-CR-176) (Dkt. No. 9) at 3; see U.S.S.G. § 2L1.2(b)(1)(A)(iv).  The total offense level was decreased to twenty-one (21) at the sentencing.  Crim. Sent. Minute Entry (Case No. 03-CR-176) (Dkt. No. 14) at 1, 2.  Almonte was represented at the plea entry by Gene V. Primomo from the Office of the Federal Public Defender, Crim. Plea Minute Entry (Case No. 03-CR-176) (Dkt. No. 9) at 1, and at sentencing by Paul J. Evangelista, also from the Office of the Federal Public Defender.  Crim. Sent. Minute Entry (Case No. 03-CR-176) (Dkt. No. 14) at 1.

Almonte contends, in the instant habeas petition, that under the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), his prior criminal history should not have been taken into account at sentencing as it stemmed from an uncharged offense that he did not admit to and he

was not convicted of by jury verdict. Pet.'s Motion (Dkt. No. 1) at 5. Almonte also contends that taking his Criminal History Category into account at sentencing was a violation of his due process rights. Id. Almonte's third contention, submitted in a supplement to his original habeas petition, is that his rights under the VCCR, Article 36(b), were violated by the arresting official by not advising him of the right to speak with his nation's consul after arrest, and thereby warranting an overturning of his sentence as a result. Pet.'s Supp. Motion (Dkt. No. 7) at 2. The Government argues in response that Almonte has waived his right to raise these issues in a petition for *habeas corpus* because he failed to take them up on a direct appeal. Resp.'s Revised Memo. (Dkt. No. 6) at 3. Furthermore, the Government argues that Blakely does not apply to Almonte's case because the rule in that case has been held not to apply retroactively to cases on collateral review. Id. at 4. The Government has not submitted a brief in opposition to Almonte's supplemental motion.

## II.  DISCUSSION

At both his plea allocution and sentencing, Almonte was represented by counsel and was informed by the Court that under the conditions of his plea he would waive his right to appeal the sentence. Correspondent to that waiver of direct appeal is that Almonte is also now barred from making a collateral attack on his sentence through the mechanism of a petition for *habeas corpus*. Both the Second Circuit and this Court have rejected the notion that a prisoner may collaterally attack their sentence through a § 2255 petition after failing to raise such issues first on direct appeal, without "show[ing] that there was cause for failing to raise the issue, and prejudice resulting therefrom." United States v. Pipitone, 67 F.3d 34, 38-39 (2d Cir. 1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); see also Barr v. United States, 152 F. Supp. 2d 249, 251 (N.D.N.Y. 2001) (Kahn, D.J.). Accepting a plea agreement which waives the right to a direct

3

appeal does not constitute cause for failing to file such appeal. See Pipitone, 67 F.3d at 38. By waiving the right to appeal, and then taking advantage of the linguistic distinction between "habeas petition" and "appeal," the requirement that a prisoner show cause and actual prejudice for failing to raise the issues on direct appeal "would be 'turned on its head.'" Barr, 152 F. Supp. 2d at 251 (quoting Pipitone, 67 F.3d at 38); see also Campino v. United States, 968 F.2d 187, 189 (2d Cir. 1992). There is a legitimate public interest in ensuring the finality of plea agreements between criminal defendants and the Government. See Town of Newton v. Rumery, 480 U.S. 386, 393 n.3 (1987) (discussing the benefits of plea agreements). This Court cannot permit "such an obvious circumvention of the plea agreement," Barr, 152 F. Supp. 2d at 251, and therefore now finds that Almonte's right to appeal was waived, and the petition is denied.

Even if Almonte's petition was not subject to a procedural bar, Almonte would not succeed on the merits of his other claims. Almonte's contention that Blakely applies to his sentencing enhancement is misguided. Actually, Blakely restates the principle that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)) (emphasis added). The Northern District of New York, the Second Circuit and numerous other Federal courts have found that the rule announced in Blakely does not apply retroactively to cases on collateral review. See, e.g., Eng v. Drew, No. 05-0141, 2005 U.S. Dist. LEXIS 25109, at *10 (N.D.N.Y. Apr. 20, 2005) (Kahn, D.J.) (stating that Blakely does not apply retroactively); Garcia v. United States, No. 04-0465, 2004 U.S. Dist. LEXIS 14984, at *14-15 (N.D.N.Y. Aug. 4, 2004) (McAvoy, D.J.) (same); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (same); Simpson v. United States, 376

F.3d 679, 681-82 (7th Cir. 2004) (same); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (stating that the Supreme Court has not made Blakely applicable to cases on collateral review).

Although Almonte did not address this issue in his petition, the Supreme Court's ruling in United States v. Booker, 125 S.Ct. 738 (2005), should also be considered. There the Court held that the United States Sentencing Guidelines were no longer mandatory, and instead were to be considered advisory. Booker, 125 S.Ct. at 756-57. The Court expressed that the ruling would apply to cases on direct review, id. at 769, but did not reach the issue of collateral review. However, this issue has been addressed by a number of circuit courts, and all have found that Booker does not apply retroactively on collateral review. See Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); United States v. McReynolds, 397 F.3d 479, 480-81 (7th Cir. 2005) (all three holding that Booker does not apply retroactively to cases on collateral review); see also Mingo v. United States, 360 F. Supp. 2d 591, 594 (S.D.N.Y. 2005). Even had Almonte raised a challenge under Booker in his initial petition for relief, the ruling of the Booker Court would have been to no avail.

Almonte raised one additional claim, filed in a supplement to his original § 2255 petition, which alleged that he was not informed of his right to speak with his nation's consul after arrest pursuant to VCCR Article 36(b). This claim, likewise, would fail on the merits if the § 2255 petition was not found to be barred. Almonte's VCCR claim is based on the International Court of Justice's ("ICJ") decision in Case Concerning Avena and other Mexican Nationals (Mex. v. U.S.), 2004 I.C.J. No. 128 (Judgment of Mar. 31, 2004). In that decision, the ICJ found that fifty-one Mexican nationals on death row in the United States had not been informed of their right to consular access under the VCCR. Id., at ¶ 153. The ICJ determined that the United States must, "by means

5

of its own choosing," have its courts review and reconsider the convictions and sentences of the Mexican citizens.  Id.  President George W. Bush subsequently ordered the State courts to give effect to the ICJ decision in the cases of the fifty-one Mexican nationals.  Brief for the United States as *Amicus Curiae* Supporting Respondents, Medellin v. Dretke, 125 S.Ct. 2088 (2005) (No. 04-5928), 2005 WL 504490.

Referring specifically to the decision of the ICJ in Avena, the United States Supreme Court held in Medellin that violation of the VCCR provisions "may not be cognizable in a federal habeas proceeding." Medellin, 125 S.Ct. at 2090.  The Medellin Court stated that unless the violation of statutory rights rose to the level of a "fundamental defect," it would likely rank as a "nonconstitutional lapse[] we have held not cognizable in a postconviction proceeding." Id. (quoting Reed v. Farley, 512 U.S. 339, 349 (1994) (Scalia, J., concurring in part and concurring in judgment)); see Hill v. United States, 368 U.S. 424, 428 (1962) ("fundamental defect" test). Applying the Court's standard as stated in Medellin, it is clear that Almonte's claim of a violation of his rights under the VCCR could not stand under habeas review.  Referring specifically to Article 36 of the VCCR, the Second Circuit has stated that "[a]lthough compliance with our treaty obligations clearly is required, we decline to equate such a provision with fundamental rights, such as the right to counsel, which traces its origins to concepts of due process." Waldron v. INS, 17 F.3d 511, 518 (2d Cir. 1993).  The fact that Almonte was represented by appointed counsel at all times during his plea and sentencing further weakens his claim of a violation that requires § 2255 habeas relief.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Memorandum-Decision and Order dated November 18, 2005 is

**VACATED**; and it is further

**ORDERED** that Almonte's petition to vacate, set aside, or alter his sentence is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on all parties by regular mail.

IT IS SO ORDERED.

DATED:   November 21, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge